```
                    United States District Court
                      District of Massachusetts
_____
                              )
UNITED STATES OF AMERICA      )
        Plaintiff,            )
                              )
        v.                    )    Criminal Action No.
                              )    08-10149-NMG
JAYE MIRZA,                   )
        Defendant.            )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

On June 2, 2008, the government filed an Information charging the defendant Jaye Mirza ("Mirza") with 13 counts of Wire Fraud in violation of 18 U.S.C. § 1343. Later that month, Mirza pled guilty and, in October of 2008, was sentenced to six months in custody, 24 months of supervised release and was ordered to pay restitution in the amount of $306,728. Before the Court are Mirza's motions for post-conviction relief, pursuant to 28 U.S.C. § 2255, to supplement the § 2255 motion and to treat the § 2255 motion as a petition for a writ of error <u>coram</u> <u>nobis</u> seeking reduction in restitution, pursuant to 28 U.S.C. § 1651.

### I. Factual Background

Mirza pled guilty to misappropriating corporate funds from her former employer Network Engines, Inc. ("NENG"), which is a provider of server appliance products and services for storage, security and communication software vendors. As an International

Sales Administrator at NENG, Mirza assisted with the making of logistical arrangements relating to NENG sales meetings and training sessions, and received invoices from third-party vendors. In that role, Mirza allegedly 1) prepared and submitted fictitious expense reimbursement request forms to NENG, 2) prepared and submitted fictitious vendor invoices to NENG for payments by wire transfer to an account held by Mirza at Paytech International Limited ("Paytech"), an organization that operated online gambling websites, and 3) forged wire transfer authorization forms that induced NENG's bank to make wire transfers from NENG's account to Mirza's Paytech account. From November, 2005 through September, 2006, Mirza allegedly stole at least $110,451 from NENG.

## II. **Procedural History**

After release from custody, Mirza filed an appeal with the First Circuit, specifically with respect to the restitution order. Upon advice of new counsel, Mirza withdrew her appeal without prejudice and filed a motion with this Court to review her restitution order. Mirza then filed a motion for post-conviction relief, pursuant to 28 U.S.C. § 2255, followed by a motion to supplement the § 2255 motion and later a motion to treat the § 2255 motion as a petition for writ of error <u>coram nobis</u> seeking reduction in restitution, pursuant to 28 U.S.C. § 1651.

**III. Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255 and Motion to Supplement**

The Court will treat Mirza's motions for post-conviction relief and to supplement as withdrawn by her subsequent motion to treat the motion for post-conviction relief as a petition for a writ of error coram nobis. Consequently, the two earlier motions will be denied as moot.

**IV. Petition for Writ of Error Coram Nobis**

**A. Legal Standard**

Pursuant to the All Writs Act, federal courts have the authority to grant writs traditionally available at common law. See 28 U.S.C. § 1651; United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001). The writ of error coram nobis is available at common law to correct errors of fact that affect the validity and regularity of a judgment. United States v. Morgan, 346 U.S. 502, 507 (1954). The writ allows courts to revisit their own judgments on the basis of some "patent error," subject to certain conditions. Trenkler v. United States, 536 F.3d 85, 90, n.2 (1st Cir. 2008). The writ may be employed only by a criminal defendant who is no longer in custody. Id. at 98. The writ is considered an "extraordinary remedy" allowed "only under circumstances compelling such action to achieve justice." Sawyer, 239 F.3d at 37 (quoting Morgan, 346 U.S. at 511). In fact, the Supreme Court found it "difficult to conceive of a situation in a federal criminal case today where [a writ of error

coram nobis] would be necessary or appropriate." Enwonwu v. United States, 199 Fed. Appx. 6, 7 (1st Cir. 2006) (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996)). Further, the petitioner seeking to revisit a conviction based on a guilty plea must demonstrate that an error of "the most fundamental character," relevant to the plea decision, occurred. Id. (internal citations omitted).

At the outset, the Court presumes the validity of the original proceedings, thus delegating the burden of proving otherwise to the petitioner. Morgan, 346 U.S. at 512. For relief under the writ, the petitioner must follow a threefold inquiry:

1) explain her failure to seek relief from judgment earlier,
2) demonstrate continuing collateral consequences from the conviction, and
3 prove that the error is fundamental to the validity of the judgment.

Sawyer, 239 F.3d at 38.

**B. Application of the Writ to Restitution**

Application of a writ of error coram nobis to restitution remains an unsettled legal issue. Some courts have suggested that the writ is available to correct restitution orders. See, e.g., Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997). Others have found that alleged errors in restitution orders are not fundamental to the underlying convictions and, thus, not a proper subject for such a writ. See United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007) (holding that in a plea

-4-

agreement, overly broad restitution orders are not of the "most fundamental character" nor amount to a miscarriage of justice for the purposes of coram nobis relief). While the First Circuit has not directly addressed the issue, United States District Judge George O'Toole has held that:

> [N]either (a) a factual error as to the amount of the restitution nor (b) a legal error in the manner of determining restitution is generally so 'fundamental' . . . as to qualify for the writ.

United States v. Iacaboni, 592 F. Supp. 2d 216, 221 (D. Mass. 2009) (internal citations omitted). Thus, it appears unlikely that the First Circuit would sanction the use of such an extraordinary remedy to revisit a restitution order.

In any event, even if coram nobis were to apply to restitution claims, Mirza has not satisfied the second and third prongs of the coram nobis test, as explained below.

### 1. Continuing Collateral Consequences of Improper Restitution

Restitution under the Mandatory Victim Restitution Act ("MVRA") is required for certain enumerated crimes. 18 U.S.C. § 3663A. In calculating the amount of restitution, a sentencing court is "not held to a standard of absolute precision." United States v. Salas-Fernandez, 620 F.3d 45, 48 (1st Cir. 2010). There must be a "modicum of reliable evidence" present to support a restitution order. Id. Under the MVRA, restitution may include "other expenses incurred during participation in the

-5-

investigation or prosecution of the offense." 18 U.S.C. § 3663A(b)(4).

Mirza requests review of the portion of the restitution order that directs her to reimburse NENG for the services of a forensic investigation firm, Huron Consulting, in the amount of $196,277. Mirza argues that the government failed to meet the requisite burden of proof with respect to that amount. Huron Consulting was involved in the investigation of Mirza's numerous crimes against NENG. Mirza contends that there was neither sufficient detail in the invoices from Huron Consulting nor government justification for that particular charge.

Mirza's primary argument for error is that Huron Consulting was involved with other structural changes within NENG. Mirza surmises that the timing of the charges as well as NENG's statements regarding "added processes" indicate that some of the Huron Consulting charges may not have been related to the investigation. Her only support for that argument, however, is a single line in the victim impact statement about additional structural controls implemented in the wake of Mirza's fraud.

Thus, Mirza offers nothing reliable to suggest that the restitution amount was improper. In contrast, the government justified the involvement of Huron Consulting by explaining their critical involvement in the investigation, thereby providing a rational basis for the Court to accept that charge in the total

restitution order.  See Salas-Fernandez, 620 F.3d at 48.  Thus, there is more than a modicum of reliable evidence on the record to support the inclusion of the Huron Consulting charge in the restitution order.  See id.

Furthermore, the collateral consequences of overly broad restitution do not carry the gravity required for coram nobis relief.  Only a small number of cases found collateral consequences significant enough to satisfy the high standard of the coram nobis test.  See, e.g., United States v. Kwan, 407 F.3d 1005. 1017-18 (9th Cir. 2005) (finding that the immigration consequences of defendant's guilty plea met the coram nobis standard); United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004) (finding deportation to be a sufficient collateral consequence for coram nobis relief).  A monthly payment obligation does not, however, constitute a continuing significant collateral consequence for the purpose of the writ.  Iacaboni, 592 F. Supp. 2d at 221; see Sloan, 505 F.3d at 697.  Much like an award of damages in civil litigation, restitution may be viewed as a "sunk cost" rather than a continuing disability that adds injury over time.  Sloan, 505 F.3d at 697.

In sum, Mirza is unable to demonstrate sufficient continuing collateral consequences and, therefore, fails to meet the second prerequisite for applicability of the writ of coram nobis.

### 2. Fundamental Error

Mirza argues that her counsel's ineffective assistance constituted a fundamental error justifying <u>coram</u> <u>nobis</u> relief. To succeed on a claim of ineffective assistance of counsel, the petitioner must show: 1) that counsel's performance was deficient and 2) the deficient performance prejudiced the defense. <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668, 687 (1984). With respect to ineffective assistance of counsel in the context of <u>coram</u> <u>nobis</u> relief, the First Circuit has held that such a claim, "even if meritorious, is hardly so extraordinary as to warrant <u>coram</u> <u>nobis</u> relief." <u>Enwonwu</u>, 199 Fed. Appx. at 7.

Even if an ineffective assistance of counsel claim may sometimes warrant <u>coram</u> <u>nobis</u> relief, it does not here. Mirza contends that her counsel was ineffective in failing to obtain and review certain documents relevant to her restitution or to challenge the restitution order on the grounds that the government failed to justify all of the alleged expenditures, particularly those of Huron Consulting. To support her contention, Mirza filed an affidavit from her original counsel stating that he did not have certain documents factored into the victim impact statement in the pre-sentence report.

The Court finds that Mirza fails to demonstrate that counsel's omission amounted to prejudicial error. She produces no evidence to demonstrate a reasonable probability that, but for

counsel's alleged ineffective representation, the restitution amount would have been different. Furthermore, the First Circuit has concluded that:

> [W]here a defendant who is not warned of the potential for restitution is nevertheless ordered to pay such restitution, but in an amount less than the total potential criminal fine of which he *was* warned, the arguable error is harmless.

Gonzalez, 202 F.3d at 28; see United States v. Rainier, 42 F.3d 36, 42 (1st Cir. 1994). Mirza acknowledges that restitution was warranted and that the pre-sentence report warned that she might be obligated to pay up to $454,520 in restitution to compensate NENG. At Mirza's sentencing, the Court ordered restitution in an amount of approximately $150,000 less than recommended in the pre-sentence report and victim impact statement, specifically by excluding legal costs and the costs of work performed by an independent auditor. The imposition of a smaller amount of restitution can only be deemed harmless error, if that.

In sum, Mirza cannot prove a fundamental prejudicial error directly attributable to ineffective assistance of counsel. She does not proffer any evidence that, but for counsel's ineffective pleading, the restitution amount would have been different. Further, she was aware of the possibility of restitution exceeding $450,000 and, thus, the lower restitution order does not support a finding of prejudicial error. Thus, Mirza fails to meet the third prerequisite for employment of the writ.

The writ of error coram nobis is a rare opportunity for review when no other means of achieving justice is available to the petitioner. To utilize such a procedure, a petitioner must demonstrate that an error of "the most fundamental character," has occurred. Morgan, 346 U.S. at 512. The Court finds that Mirza has not met her burden of demonstrating that her case rises to that extraordinary standard and, therefore, she is not entitled to coram nobis relief.

**ORDER**

In accordance with the foregoing:

1) Mirza's motion for post-conviction relief, pursuant to 28 U.S.C. § 2255 (Docket No. 29) and to supplement the § 2255 motion (Docket No. 37) are **DENIED** as moot;

2) Mirza's motion to treat the motion for post-conviction relief pursuant to 28 U.S.C. § 2255 as a petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651 seeking reduction in restitution (Docket No. 43) is **ALLOWED**;

3) Mirza's petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651 seeking reduction in restitution (Docket No. 43) is **DISMISSED**; and

4) the original restitution order is **AFFIRMED.**

**So ordered**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 17, 2010